FILED
CLERK, U.S. DISTRICT COURT

Oct 1, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pd _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JAMES RYAN PIKOVER,<br>  aka "Savagesag8,"<br>  aka "professor james,"<br>  aka "l8hhtw,"<br><br>          Defendant. | No. **8:25-cr-00198-FWS**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. § 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2252A(a)(2)(A), (b)(1)]

On or about July 30, 2024, in Orange County, within the Central District of California, and elsewhere, defendant JAMES RYAN PIKOVER, also known as "Savagesag8," "professor james," and "l8hhtw," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an encrypted Internet-based

messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellular phone and the Internet, knowing that the images were child pornography.

The child pornography that defendant PIKOVER distributed were the following digital files:

1.    e654f3c8-1194-4640-9e67-cd21b16c246b; and

2.    494d6427-b5cf-4b88-886f-cbd1d5458085.

COUNT TWO

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about October 3, 2024, in Orange County, within the Central District of California, and elsewhere, defendant JAMES RYAN PIKOVER, also known as "Savagesag8," "professor james," and "l8hhtw," knowingly possessed a Sandisk Micro SD removable storage device bearing serial number 8393DVPN10WG that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which images involved prepubescent minors and minors who had not attained 12 years of age, that had been transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant PIKOVER knowingly possessed included, but was not limited to, the following digital files:

1. "(PTHC) Kelly 9Yo - Finger In Pussy And Ass_0(1).mp4";

2. "2013-12 Hot latin doggiefucking WP_20130324_052315Z (1).mp4"; and

3. "3yo nice cumshot.mp4."

COUNT THREE

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about October 3, 2024, in Orange County, within the Central District of California, and elsewhere, defendant JAMES RYAN PIKOVER, also known as "Savagesag8," "professor james," and "l8hhtw," knowingly possessed a Seagate portable hard drive bearing serial number NA51002E that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which images involved prepubescent minors and minors who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant PIKOVER knowingly possessed included, but was not limited to, the following digital files:

1. "8.5, daughter kinda' sucks, daddy cum.mp4";

2. "VID_20220409_222029_542.mp4"; and

3. "VID_20220409_222047_353.mp4."

COUNT FOUR

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about October 3, 2024, in Orange County, within the Central District of California, and elsewhere, defendant JAMES RYAN PIKOVER, also known as "Savagesag8," "professor james," and "l8hhtw," knowingly possessed a Samsung 850 Pro SSD removable storage device bearing serial number S1SXNWAF701034M that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which images involved prepubescent minors and minors who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant PIKOVER knowingly possessed included, but was not limited to, the following digital files:

1. "LG_JM.mp4";

2. "12yo brother gets BJ and pussy fucks 5yo sister.mp4"; and

3. "VID_20190228_204750_776.mp4."

5

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of any offense set forth in this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the

6

result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        _____/s/_____
                                        Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County
Office

LISA J. LINDHORST
Assistant United States Attorney
Orange County Office

7